|  | **HEARING DATE:**<br>**November 13, 2018** |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**EASTERN DISTRICT OF NEW YORK**<br>-------------------------------------------------------------------X | **HEARING TIME: 9:30 AM** |

**In re:  Claudia J Vargas**
      **AKA Claudia Vargas**

                             **Chapter 13**
                             **Case No: 18-43462-ESS**

                 **Debtor,**                  **AMENDED**
                             **NOTICE OF MOTION**

-------------------------------------------------------------------X

     **PLEASE TAKE NOTICE:** that a Motion will be made before the Honorable Elizabeth S. Stong on the 13th Day of November, 2018 at 9:30 AM, at the Eastern District Bankruptcy Court located at 271-C Cadman Plaza East - Brooklyn, NY 1120, objecting to Claim #8 filed by Windward Bora, LLC.

     **PLEASE TAKE FURTHER NOTICE:** that any response to the Motion must be made and received by counsel for the Debtor's with a copy to Chambers on or before the 6th day of November, 2018.

DATED: September 26, 2018
            Queens, New York

                                      Brian McCaffrey Attorney at Law, P.C.

                                      /s/ Brian McCaffrey
                                      Brian McCaffrey, Esq.
                                      Attorney for Debtor's
                                      88-18 Sutphin Blvd., 1st Floor
                                      Jamaica, NY 11435
                                      Tel: 718-480-8280

|  | HEARING DATE:<br>November 13, 2018 |
|---|---|

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

HEARING TIME: 9:30 AM

---------------------------------------------------------------------X

In re:  Claudia J Vargas
       AKA Claudia Vargas

Chapter 13
Case No: 18-43462-ESS

               **Debtor,**

---------------------------------------------------------------------X

_____

### AMENDED OBJECTION TO PROOF OF CLAIM #8 FILED
### BY WINDWARD BORA, LLC

_____

**Claudia J. Vargas** (hereinafter the "Debtor"), by and through their attorneys Brian McCaffrey Attorney at Law, P.C., hereby submits this Objection to the Claim of Windward Bora LLC which was filed on August 21, 2018 in Case No: **18-43462-ESS** in the claims register under Claim No: 8 and states as follows:

1. Debtor is the fee simple owner of real estate located at 16−63 Hancock Street, Ridgewood, NY 11385 (the "Property"). The Property is the Debtor's Primary Residence.

2. The Debtor commenced this action by the filing of Chapter 13 Petition on June 14, 2018.

3. On August 21, 2018 Windward Bora, LLC (hereinafter "Windward"), filed Claim No: 8 in the amount of $373,218.76, and in Box No: 9 identified this as a secured claim against the Property. **See POC #8 Exhibit A**

4. Notably, Box No: 9 specifically directs the secured creditor as follows:

> 9. Is all or part of the claim secured?
> ☐ No
> ☑ Yes. The claim is secured by a lien on property.
> **Nature of property:**
> ☑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
> ☐ Motor vehicle
> ☐ Other. Describe: _____
>
> **Basis for perfection:**  Mortgage

5. Attached to Windward's notice of claim #8 were the following:

    a. A document prepared by FCI Lender Services, Inc. which is labeled "Demand Loan Payoff".

6. Windward purposefully ignored the instructions on the form which state: "If the claim is secured by the Debtor's principal residence, file a Mortgage Proof of Claim Attachment (Official Form 410-A) with this Proof of Claim. In failing to file the required attachment, Windward has run afoul of Rule 3001(c)(2)(C) by failing to timely file a valid proof of claim.

7. The deadline for filing valid proofs of claim in the Debtor's bankruptcy was August 23, 2018. Windward has not amended its proof of claim and its time to do so is expired.

8. Debtor objects to Windwards POC #8 for the following reasons.

### **WINDWARD HAS FAILED TO TIMELY FILE A VALID PROOF OF CLAIM**

9. Certain amendments to the Federal Rules of Bankruptcy Procedure, which became effective on December 1, 2017, impose affirmative obligations on secured creditors to protect the right to distribution in a bankruptcy case. Specifically, Rule 3002(a) now requires a secured creditor to file a proof of claim in order to gain allowance for a secured claim.

10. Claims on Debtor's Principal Residence - Rule 3001(c)(2)(C) as amended imposed additional disclosure requirements on home mortgage creditors for the initial proof of claim. Rule 3001(c)(2)(C) requires a creditor whose claim is secured by the debtor's principal residence to attach to its proof of claim a new Official Form, the Mortgage Proof of Claim Attachment (Attachment A) form.

11. Previously, Rule 3002(a) required only unsecured creditors and equity security holders to file proofs of claim or interest for such claim or interest to be allowed. Now, "[a] secured creditor ... *must file a proof of claim...* for the claim... to be allowed..."FRBP 3002(a) [emphasis added].

12. Rule 3002(a) as amended clarifies that secured creditors must file a proof of claim for the claim to be allowed, provided that a lien that secured a claim against the debtor is not void due only to the failure of any entity to file a proof of claim. Amended Rule 3002(c) provides that in voluntary cases under Chapter 7, 12, or 13, a proof of claim is timely filed if it is filed not later than 70 days after the bankruptcy filing date. Under Amended Rule 3002(c)(7), a proof of claim filed by the holder of a claim that is secured by a security interest in the debtor's principal residence is timely filed if:

   a. the proof of claim (Official Form 410), together with the proof of claim attachment (Official Form 410A) and escrow analysis (if applicable) required under Rule 3001(c)(2)(C), is filed not later than 70 days after the bankruptcy filing date; and

   b. any attachments required by Rule 3001(c)(1) and (d) – such as the note (with any endorsement or allonge), mortgage or deed of trust, and relevant assignments or supporting documents – are filed as a supplement to the holder's claim not later than 120 days after the bankruptcy filing date.

13. The new 70/120-day time period is significantly shortened compared to the pre-12/1/2017 rules that permit a claim to be timely if it is filed within 90 days after the Section 341 meeting of creditors date, which, in practice, permits claims to be filed within an approximate 120-day to 140-day time period from the petition filing date or conversion date.

14. Rule 3001(c)(2)(B) requires that a statement of the amount necessary to cure any default be filed with the claim if a security interest is claimed in the debtor's property. If a security interest is claimed in property that is the debtor's principal residence, Rule 3001(c)(2)(C) requires Official Form 410A to be filed with the proof of claim. The form implements the requirements of Rule 3001(c)(2)(A) and (B).

15. In this case, nowhere in POC #8 is the required "Official Form 410A" attached or annexed thereto. As such, Windward has failed to timely file a proof of claim.

16. Read together, Rules 3002(c) and 9006(b) establish an immutable deadline for filing proofs of claim in chapter 13 proceedings. Section 502(b)(9) as implemented by Bankruptcy Rules 3002(c) and 9006 plainly provides that an untimely claim is disallowed in a Chapter 13 case without regard to why the claim was untimely. Congress defined this outcome with the enactment of § 502(b)(9) in 1994 and there is no resort to equitable exceptions. "Fundamental fairness" is not implicated because the Bankruptcy Code otherwise preserves the IRS's collection rights against the debtor. See *In re Brogden*, 274 B.R. 287, 294 - United States Bankruptcy Court for the Middle District of Tennessee, December 19, 2001, Decided, Case No. 3-00-04709, Chapter 13

17. Although a bankruptcy court may extend many deadlines, a literal interpretation of the Rules preclude it from accepting untimely proofs of claim. Compare Rule 9006(b)(3), F.R.B.P. with *In re Miranda*, 269 B.R. 737, 740 (Bankr. S.D. Texas 2001). This is a departure from the general rule that permits an act to be done out of time upon a showing of excusable neglect. See F.R.B.P. 9006(b)(1); *In re Nyeste*, 273 B.R. 148 (Bankr. S.D. Ohio 2001).

18. Here, where Windward has failed to meet the requirements of Rule 3001(c)(2)(A) and (B), their defective claim cannot be deemed timely. As such, Windward's claim should be denied as untimely.

**WHEREFORE**, the Debtor respectfully request that this Court issue an order:

   a) Disallowing Claim #8 filed by Windward Bora, LLC; and

   b) For such other and further relief as the court may deem just, proper and equitable.

Dated: September 26, 2018

*/s/ Brian McCaffrey*

BRIAN MCCAFFREY, ESQ.
Brian McCaffrey Attorney at Law, P.C.
Attorneys for Debtor
88-18 Sutphin Blvd., 1st Floor
Jamaica, New York 11435
(718) 480-8280