UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
IN RE: CLAUDIA J. VARGAS AKA CLAUDIA
VARGAS

                          Debtor,



-----------------------------------------------------------------X

**Chapter 13**
**Case No.: 18-43462-ESS**


**AMENDED NOTICE OF**
**CROSS-MOTION**

       **PLEASE TAKE NOTICE:** that upon the Affirmation of Seth D. Weinberg, Esq. an attorney associated with the firm of Hasbani & Light, P.C., attorneys for Winward Bora, LLC ("Movant"), a secured creditor, dated October 18, 2018, a motion will be made before the Honorable Elizabeth S. Stong on the 13th Day of November 2018 at 9:30 AM (the "Hearing Date"), at the Eastern District Bankruptcy Court located at 271-C Cadman Plaza East - Brooklyn, NY 1120, of that day or as soon thereafter as counsel can be heard for entry of an Order granting Movant leave to to amend Claim #8.

       **PLEASE TAKE FURTHER NOTICE:** that objections, if any, to the relief requested shall be in writing, shall state with particularity the grounds for the objection, shall be filed with the Clerk of the Bankruptcy Court and served upon the undersigned counsel seven days prior to the Hearing Date.

Dated: New York, New York
       October 23, 2018

                             **HASBANI & LIGHT, P.C.**

                             */s/ Seth D. Weinberg*
                             Seth D. Weinberg
                             450 Seventh Avenue, Suite 1408
                             New York, New York 10123
                             Telephone: (646) 490-6677
                             Email: sweinberg@hasbanilight.com
                             *Counsel for Creditor Winward Bora, LLC*

<u>Debtor:</u>
Claudia J. Vargas
14-00063 Hancock Street
Ridgewood, NY 11385

<u>Chapter 13 Trustee:</u>
Marianne DeRosa
125 Jericho Tpke
Suite 105
Jericho, NY 11753

<u>Office of the United States Trustee:</u>
Office of the United States Trustee
U. S. Federal Office Building
201 Varick Street
Suite 1006
New York, NY 10014

<u>Debtor's Counsel:</u>
Brian McCaffrey, P.C.
Brian McCaffrey
77-18 Sutphin Blvd
1st Floor
Jamaica, NY 11435

<u>Entitles Having Filed A Notice of Appearance:</u>
Fein, Such & Crane, LLP
*Counsel for Creditor JP Morgan Chase Bank, NA*
David P. Case
28 East Main Street
Suite 1800
Rochester, NY 14614

Gross Polowy, LLC
*Counsel for Creditor Rushmore Loan Management Services, LLC*
Courtney R. Williams
1775 Wehrle Drive
Suite 100
Williamsville, NY 14221

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
IN RE: CLAUDIA J. VARGAS AKA CLAUDIA
VARGAS                                                   **Chapter 13**
                                                         **Case No.: 18-43462-ESS**

                           Debtor,


-----------------------------------------------------------------X

## AMENDED AFFIRMATION IN OPPOSITION TO DEBTOR'S MOTION OPPOSING CLAIM #8 AND IN SUPPORT OF CROSS-MOTION FOR AN ORDER GRANTING LEAVE TO AMEND CLAIM #8

Seth D. Weinberg, Esq. the undersigned, an attorney duly admitted to practice before this Court, affirms under penalty of perjury as follows:

1.    I am an attorney with Hasbani & Light, P.C., attorneys for Winward Bora, LLC (the "Cross-Movant"), and as such I am fully familiar with the facts and circumstances of this case.

2.    I make this Affirmation in opposition to Debtor's Motion Opposing Claim #8 and in Support of Cross-Movant's Motion seeking leave to amend Claim #8.

### Background

3.    Cross-Movant is the holder of the Note, more particularly described in paragraph 4, below.

4.    Debtor obtained a loan from Cross-Movant's predecessor-in-interest, National City Bank, in the amount of $220,700.00. *See,* the note annexed to the Amended Proof of Claim annexed hereto as **Exhibit A**.

5.    To secure payment of the Note and performance of the other terms contained in it, the Debtor executed a Mortgage (the "Mortgage"). The Mortgage granted a lien on the real property (the "Collateral") owned by the Debtor, generally described as: 16-63 Hancock Street, Queens, NY 11385 (the "Property"). *See,* the Mortgage annexed to **Exhibit A**.

6.      The lien created by the Mortgage was duly perfected by the filing of the Security Agreement in the office of the City Register for the County of Queens. *See, id.*

7.      The Fixed Rate Consumer Note and Mortgage were assigned to Cross-Movant on June 11, 2018. *See,* the assignments of mortgage attached to **Exhibit A**.

8.      On June 14, 2018, Claudia Vargas ("Debtor") filed a Petition for Relief under Chapter 13 of the Bankruptcy Code. Debtor's Plan of Reorganization has not been confirmed. *See,* ECF Doc No.: 1.

9.      On August 21, 2018, Cross-Movant filed Claim No.: 8 in the Amount of $373,218.76 ("Claim 8"). *See*, ECF Doc No.: 32, **Exhibit 1**.

## THIS COURT SHOULD DENY DEBTOR'S MOTION AND GRANT CROSS-MOVANT LEAVE TO AMEND CLAIM #8

10.     This Court should grant Cross-Movant leave to amend Claim #8 because the requested amendment is simply the addition of supporting materials that were inadvertently omitted from the initial filing.

11.     "It is well-settled that the decision to permit an amendment of a proof of claim rests within the sound discretion of the bankruptcy judge." *In re McLean Industries, Inc.,* 121 B.R. 704, 708 (Bankr.S.D.N.Y.1990). "Amendment to a claim is freely allowed where the purpose is to cure a defect in the claim as originally filed, to describe the claim with greater particularity, or to plead a new theory of recovery on the facts set forth in the original claim." *In re Integrated Res., Inc.,* 157 B.R. 66, 70 (S.D.N.Y.1993).

12.     "Amendments to proofs of claim filed after the bar date in bankruptcy cases are scrutinized closely to ensure that the amendment is genuine rather than an assertion of an entirely new claim." *In re AM Int'l, Inc.,* 67 B.R. 79, 81 (N.D.Ill.1986). Courts have permitted proposed amendments that do not change the facts set forth in the original claim and arise out of the same

set of facts as the original claim. *See, In re Integrated Resources, Inc.* 157 B.R. 66 (S.D.N.Y.1993) (holding that a creditor's failure to attach supporting documentation to proof of claim that it filed for sum allegedly owing was not ground for disallowing claim on objection by Chapter 13 trustee, especially not when debtor had scheduled as undisputed a credit card debt in approximately the same amount. *See, In re Kirkland,* 379 B.R. 341 (BAP 10th Cir 2007), *revd,* 572 F.3d 838 (10th Cir 2009)) (holding that lack of supporting documents for proof of claim was not sufficient ground for disallowance of claim or for requiring its amendment in absence of showing of good faith dispute with regard to claim, even though creditor did not respond to objection. *See, In re Isom,* 321 B.R. 756 (N.D. Georgia 2005)).

13.    Here, Cross-Movant filed its timely proof of Claim No: 8 on August 21, 2018 in the Amount of $373,218.76. A copy of Claim No.: 8 is annexed hereto as **Exhibit B**. Claim 8 identified the Creditor, the amount owed under the claim, the type of the claim, and the amount necessary to cure the default as of the date of the petition. *See, id.*[1] Claim 8 also included a detailed payoff statement for the debt owed pursuant to claim 8. *See, id.*

14.    In addition, the Debtor's filed Chapter 13 Plan references the mortgage associated with Claim 8 as the "Mortgage due to FCI Lender Services." A copy of the Debtor's Chapter 13 Plan is annexed hereto as **Exhibit C**. The Chapter 13 Plan references an account loan number that is associated with the mortgage that ends in "5036." *See, id.* These last four digest match the last four digits of "5036" that are listed in association with this debt in Claim 8. *See, id.*

15.    Creditor's proposed amended claim is annexed hereto as **Exhibit A** (the "Amended Claim"). The Amended Claim in no way attempts to assert a new claim. Rather, the Amended

---

[1] The omission of documents from Proof of Claim #8 was in no way intentional, nor was it intended to mislead this Court, the Debtor or the Trustee. *See,* **Exhibit D**.

Claim simply provides the documentation required pursuant to Rule 3001(c)(2)(C) that was inadvertently omitted in the initial filing.

16.    Accordingly, Creditor requests that this Court utilize its discretion to allow amendment of Proof of Claim #8 because the purpose of the proposed amendment is to cure a defect in the claim as originally filed because this was an unintentional error and the amendment is in no way shape or form a new claim. *See*, *In re Integrated Res., Inc.,* 157 B.R. 66 (S.D.N.Y.1993); *see also, In re AM Int'l, Inc.,* 67 B.R. 79 (N.D.Ill.1986).

17.    Therefore, this Court should deny Debtor's Motion and Cross-Movant's motion for leave to file an amended proof of claim.

**WHEREFORE**, Movant prays for an Order from the Court granting Movant leave to file an amended Proof of Claim and further relief to which the Movant may be entitled.

Dated:  New York, New York
       October 23, 2018                  **HASBANI & LIGHT, P.C.**

                                      */s/ Seth D. Weinberg*
                                      Seth D. Weinberg
                                      450 Seventh Avenue, Suite 1408
                                      New York, New York 10123
                                      Telephone: (646) 490-6677
                                      Email: sweinberg@hasbanilight.com
                                      *Counsel for Creditor Winward Bora, LLC*