

**HASBANI & LIGHT, P.C.**
ATTORNEYS AT LAW

450 Seventh Ave
Suite 1408
New York, NY 10123

Seth D. Weinberg
T. 646.490.6677
F. 347.491.4048
sweinberg@hasbanilight.com

*Licensed in NY & NJ*

February 12, 2019

**VIA ECF**
Hon. Elizabeth S. Stong
U.S. Bankruptcy Court, EDNY
Conrad B. Duberstein Courthouse
271-C Cadman Plaza East – Suite 1595
Brooklyn, NY 11201

  RE: *In re Claudia J. Vargas*
    Case No.: 18-43462-ESS
    **Substantial Impairment of Junior Lien and New York Law**

Dear Judge Stong,

We represent secured creditor Windward Bora, LLC ("Windward Bora"). Based upon the filed Loss Mitigation Status Reports and the Loss Mitigation Request for Continuance, it is clear that the Borrower continues to attempt to obtain a loan modification from the holder of the first position lien secured by 16-63 Hancock Street, Queens, NY 11385 (the "Property"). Any such loan modification will require Windward Bora's consent because it will substantially impair Windward Bora's interest by destroying its equity in the Property.

Under New York law, when a modification of a senior mortgage "substantially impairs the security interest of the junior lienors or effectively destroys their equity" without the consent of the junior mortgagee, the senior mortgage loses priority to the junior mortgage. *Fleet Bank of N.Y. v County of Monroe Indus. Dev. Agency*, 224 A.D.2d 964, 965, 637 N.Y.S.2d 870 (4th Dept. 1996) (*citing, Shultis v. Woodstock Land Dev. Assocs.*, 188 A.D.2d 234, 236-237, 594 NYS 890 (3d Dept. 1993) and *Empire Trust Co. v Park-Lexington Corp.*, 243 A.D 315, 321, 276 NYS 586 (1st Dept. 1934)); *see also, In re Whi*te, 514 B.R. 365, 369-370 (E.D.N.Y. 2014) (*internal citations omitted*) (Senior lien holder will be divested of its priority and junior lien holder will be elevated to a position of superiority when the modification of senior lien "prejudices the rights of the junior lien holder or impairs its security, and is made without the junior lien holder's consent.").

Here, Rushmore Management Services, LLC ("Rushmore") is the servicer for the first position lien secured by the Property. Rushmore services on behalf of U.S. Bank National Association, Not In its Individual Capacity But Soley As Trustee For the RMAC Trust, Series 2016-CTT ("U.S. Bank"). The original principal balance of the mortgage secured by the U.S. Bank Lien was $403,750.00 (the "U.S. Bank Mortgage"). A copy of the U.S Bank Mortgage is annexed hereto as **Exhibit A**. Rushmore filed a proof of claim on behalf of U.S. Bank in the amount of $672,880.89 (the "U.S. Bank POC"). A copy of the claims register is annexed hereto



**HASBANI & LIGHT, P.C.**
ATTORNEYS AT LAW

as **Exhibit B**. Windward Bora's proof of claim (the "Windward Bora POC") indicates that it is owed $373,218.76 on its lien secured by the Property (the "Windward Bora Lien"). *See,* **Exhibit B**, Claim No. 8. According to the Debtor's filed schedules, the Property is currently valued at approximately $859,660.00.[1] A copy of the Debtor's filed schedules are annexed hereto as **Exhibit C**.

Accordingly, any modification of the U.S. Bank Mortgage would increase the principal balance by approximately $269,130.89 (the "Increase In Principal").[2] Thus, any loan modification including the Increase in Principal would require Windward Bora's approval because the addition of the Increase in Principal would impair Windward Bora's security interest by making approximately $186,439.65 (the "Unsecured Amount") of the Windward Bora Lien unsecured by the Property.[3] *Fleet Bank of N.Y. v County of Monroe Indus. Dev. Agency*, 224 A.D.2d 964, 965, 637 N.Y.S.2d 870 (4th Dept. 1996) (*citing, Shultis v. Woodstock Land Dev. Assocs.*, 188 A.D.2d 234, 236-237, 594 NYS 890 (3d Dept. 1993) and *Empire Trust Co. v Park-Lexington Corp.*, 243 A.D 315, 321, 276 NYS 586 (1st Dept. 1934)); *see also, In re Whi*te, 514 B.R. 365, 369-370 (E.D.N.Y. 2014).

While the filing of an adversary proceeding at this time is pre-mature, Windward Bora will have no choice but to file such a proceeding to dispute lien priority in the event that the U.S. Bank Lien is modified without consent.

Thank you,

*/s/ Seth D. Weinberg*
Seth D. Weinberg

---

[1] This valuation is $165,340.00 less than the valuation of the Property put forth in the Windward Bora POC. *See,* Claim No. 8.
[2] The Increase in Principal is calculated by subtracting the original principal balance ($403,750.00) from the U.S. Bank Claim amount ($672,880.89). *See,* **Exhibits B** and **C**.
[3] The Unsecured Amount is calculated by taking the sum of the Windward Bora Claim ($373,218.76) and the U.S. Bank Claim ($672,880.89), which is $1,046,099.65 and subtracting the value of the Property as stated in the Borrower's Schedules.