**Brian McCaffrey**

**OF COUNSEL**

**James K. Grace**

Also admitted in New Jersey

**88-18 Sutphin Blvd.  Jamaica, N.Y. 11435 Tel: 718-480-8280  Fax: 718-480-8279**

4/29/2019

**VIA ECF**
**Judge Elizabeth Stong**
**271-C Cadman Plaza**
**Brooklyn, NY 11201**

**In Re:  Claudia J Vargas aka Claudia Vargas**
          **Case# 18-43462-ess**
          **Loan No. …………..6636**

Dear Hon. Elizabeth S. Stong:

  Our office represents the Debtors, Claudia Vargas, in the above referenced Chapter 13 Bankruptcy matter. Please allow this letter to serve as written status of the Loss Mitigation efforts between the Debtor and Rushmore Loan Management Services, LLC (the "Secured Creditor").

  It may become necessary for the Debtor to seek sanctions for bad faith, because Rushmore's purposeful delays have allowed interest to accrue to their benefit and the Debtor's detriment. It is our position that the lender must use the correct income for the modification review to take place with all fairness. It also avoids wasting the judiciary's time and resources.

  Our office received correspondence from the secured creditor counsel, Gross Polowy, dated 3/28/2019 advising that they acknowledge receipt of a modification scenario proposal sent by our office and documents and that Rushmore has determined that the documents submitted would not change the results. We would like to emphasize that the secured creditor counsel does not provide any detail explanation of their reasoning behind the vague letter dated 3/28/2019. Please note as reflected on the record on 1/15/2019, the court directed the Debtor to provide the secured creditor counsel with a statement of income prepared by an accountant with supporting documentation, which was provided on 2/11/2019. For months, we have insisted that if the secured creditor uses the correct income the Debtor would qualify for a modification, but here is the secured creditor once again showing bad faith, Rushmore does not show proof that they re-ran the Debtor for a modification and have not provided proof of how it is that the financial statement of income documents prepared by an accountant does not change the results.

  We made the following good faith attempt to come up with an approval in the best interest of both parties. Since it has indicated to the court that Rushmore target DTI is 35%, with that in mind and total gross income of $11,389.00. Then, we proposed the following:

# Brian McCaffrey

**OF COUNSEL**

**James K. Grace**

Also admitted in New Jersey

**88-18 Sutphin Blvd.  Jamaica, N.Y. 11435 Tel: 718-480-8280  Fax: 718-480-8279**

Upfront contribution $28,000 (this will be paid from the money paid inside the chapter 13 plan)- please review the chapter 13 plan where it indicates there is $2800.00 payment per month being paid to Chapter 13 Trustee towards a proposed modification. So, the $2800 x 10 months (July 2018- April 2019 = $28,000

New UPB: $670,445.00 - $28,000 upfront contribution= total Interest-Bearing Principal: $642,445

Deferred/ Principal forgiveness: to be determined, please reduce the principal as necessary to fit the parameters indicated below

Rate 5.60%

Term 480 months

P&I $3,357

Escrow $630.00

Total PITI $3,987

Investor Target DTI is 35%

So, to determine DTI, the math is the proposed mortgage payment $3,987 / GMI: $11,389.00 (as outlined above) = 35% DTI

In the alternative, we are open to reviewing a counteroffer under different parameters, such as possible higher upfront contribution if required.

The Secured Creditor has all the requested financial documents to proffer a workout solution to his Debtor, we kindly request continuation of the Loss Mitigation and that a representative from the secured creditor is available on 5/7/2019.

Your truly,

*/s/ Brian McCaffrey*

_____

Brian McCaffrey, Esq